UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANGELICA ESQUIBEL, as Parent, Legal Guardian
and Next Friend of Jerry Trujillo, a minor child**,

      Plaintiff,

      v.                                  **CIV NO. 04-1378 MCA/DJS**

**CHRIS ARCHULETA,** *et al.*,

      Defendants.

## RECOMMENDATION

**THIS MATTER** comes before the Court *sua sponte*. On August 31, 2005, a hearing was held regarding the fairness and adequacy of the proposed settlement of this case. The Court heard presentations by Plaintiff's counsel, Defendants' counsel, and considered the affidavit of the minor plaintiff's Guardian *Ad Litem*, Rudy Martin, Esq..

This case is a suit pursuant to 42 U.S.C. §1983. Plaintiff contends that her son, then eight years old, was removed from school and held in jail for thirty minutes in violation of his Fourth and Fourteenth Amendment rights. The settlement under review is between Plaintiff and Defendants Jeannie Martinez and Corrine Salazar, both employees of the Española Public Schools.

The Guardian *Ad Litem* reviewed submissions of counsel and consulted with Plaintiff Angelica Esquibel, who appears in this action as her child's parent and next friend. The sum agreed upon for settlement will be divided, with one-third going to Plaintiff's counsel for attorney's fees. The remainder of the sum will be used to fund the minor child's attendance of a private elementary school

located in Española, New Mexico, including activity fees and other minor expenses. Plaintiff has enrolled the child in the school and he has begun his attendance in anticipation of receiving the settlement to fund his tuition.

The Court finds that the proposed settlement will result in a substantial sum, given the claims against these Defendants, being paid to the minor child for whom Plaintiff brought this action. Review of the file and of the pleadings, this Court finds that the sum to be paid Plaintiff's counsel is reasonable and appropriate for the nature of the case and the work performed in pursuing the action. Counsel's efforts were instrumental in obtaining the settlement. Taking into account Mr. Martin's recommendation and in light of the use which will be made of the settlement funds, this Court finds that the settlement is in the best interest of the child. Given the facts of the case and the possibility of recovery, the settlement is the best provision for the minor child, Jerry Trujillo's, needs.

**IT IS THEREFORE RECOMMENDED** that the Court approve the terms of the settlement and enter an order dismissing this action upon its terms.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**