IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANGELICA ESQUIBEL, as parent,**
**legal guardian and next friend of**
**JERRY TRUJILLO, a minor child,**

      **Plaintiff,**

vs.                                                                      **No. CIV 04-1378 MCA/DJS**

**CHRIS ARCHULETA, in his personal**
**capacity, MIGUEL MAEZ, in his personal**
**capacity, RICHARD GUILLEN, in his**
**personal capacity, CHRISTINE SALAZAR,**
**in her personal capacity, GENE ALDAZ, in**
**his official capacity, JEANNIE MARTINEZ,**
**in his personal capacity, CORRINE SALAZAR,**
**in her personal capacity,**

      **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER</u>**

      **THIS MATTER** is before the Court on Plaintiffs' (sic) Motion to Compel Production of Documents **[Doc. No. 60]**, filed September 30, 2005, and fully briefed on October 11, 2005. Plaintiff moves the Court for an order compelling Defendants to produce the documents and material requested in discovery. Plaintiff propounded interrogatories and requests for production to Defendants Archuleta, Maez, Guillen, and Aldaz. Defendants objected to producing material responsive to Request for Production Nos. 8, 12, 14, 17, 25, 26, 30 and 31.

**I. Discussion**

**A. <u>Request for Production Nos. 8, 14, and 17</u>**

      Plaintiff contends the documents requested in Request for Production Nos. 8, 14, and 17 are "relevant to Plaintiffs' (sic) direct and supervisory claims, are in the sole possession and

control of defendants, and are reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Mot. to Compel at 7.

Request for Production No. 8 asks for "[a]ny documents of any type which refer to or relate to any psychological testing or counseling undergone by any Defendant in relation to the incident described in the Complaint herein or at any time prior to, or during, such defendant's employment with the defendant City." Pl.'s Ex. A.

Defendants objected to production of the material sought in Request for Production No. 8, on the grounds that the request for Defendants' psychological testing was "overly broad and not reasonably calculated to the discovery of admissible evidence" and "in no way relate[d] to any factual or legal matter at issue and unduly invade[d] the privacy of Defendants." *Id.* at 4. Notwithstanding their objections, Defendants stated "there was no counseling or psychological testing undergone by any Defendant 'in relation to the incident described in the complaint herein.'" *Id.*

Request for Production No. 14 asks for "[a]ny documents relating to the Española Police recruit class application, background investigation and screening concerning Defendants Archuleta and Maez.

Defendants objected "[t]o the extent that such documents are encompassed by this request, Defendants incorporate fully herein by reference their objections to Request for Production No. 8." *Id*. at 7.

Request for Production No. 17 asks for "[t]he complete contents of the personnel files regarding Defendants Archuleta, Maez and Guillen." *Id.* at 8.

Defendants objected that "[t]o the extent that results of pre-employment psychological testing are encompassed by this request, Defendants incorporate fully herein by reference their objections to Request for Production No. 8." *Id.*

**1. Relevancy**

Rule 26(b)(1) allows for a broad range of discovery and states in relevant part: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "A request for discovery . . . should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 336, 341 (D.Kan. 1991). "Relevancy" for discovery purposes is distinguishable from "admissibility" for trial purposes. The party opposing discovery has the burden of proving the lack of relevance. *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C.1978).

Hence, the information sought in Plaintiff's Request for Production Nos. 8, 14, and 17 is not required to be admissible evidence itself, but it must seem reasonably calculated to lead to the discovery of admissible evidence somewhere down the road. The United States Supreme Court has construed relevance for the purposes of discovery "broadly[,] to encompass any matter that bears on, or that reasonably could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, this does not end the Court's inquiry. Although the requested information may be relevant, Defendants contend the information sought is privileged.

**2.  Psychotherapist/Patient Privilege**

Plaintiff contends Defendants Archuleta and Maez have waived any claim of privilege as to the pre-employment psychological testing.  The Court notes that Defendants never asserted the psychotherapist/patient privilege in response to Request for Production Nos. 8, 14, and 17.  "It is well settled that a party may not assert a privilege for the first time in its response to a motion to compel; a privilege not timely asserted in the initial response to a request for production is deemed waived." *Sonnino v. University of Kansas Hospital Authority*, 220 F.R.D. 633, 647 (D.Kan. 2004)(quoting *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984)("Even though it does not seem seriously disputed that the privilege would have attached if the objection had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege.   It is not enough that a document would have been privileged if an adequate and timely showing had been made.  The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document." ).   Therefore, the Court finds that Defendants Archuleta and Maez have waived any claim to any privilege they may have raised as to the pre-employment psychological testing.

Notwithstanding, under the facts of this case, a psychotherapist/patient privilege was never established.  In *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court established a federal psychotherapist/patient privilege that protects all confidential communications made by a patient to a licensed psychiatrist and psychologist.  The privilege covers confidential communications between the licensed psychotherapist and the patient in the course of diagnosis or treatment.  *Id.* at 15.  In this case, Defendants Archuleta's and Maez' employer required the pre-employment psychological testing and became part of their employment files.  Defendants   knew their

psychological evaluations would be shared with their "prospective employer." Defs.' Resp. at 5. When purported confidential communications are shared with third-parties, in this case Defendants' employer, the privilege does not apply. *Kamper v. Gray*, 182 F.R.D. 597, 599 (E.D.Mo. 1998).

### 3.  Right of Privacy

Defendants also contend that disclosure of their pre-employment psychological testing "unduly invades" their privacy. Defs.' Resp. at 3. Defendants contend they had "an expectation that such materials would be kept private" and "a reasonable belief that such information would not get into the hands of parties other than a prospective employer." *Id.* at 5.

In response, Plaintiff cites to *Denver Policemen's Protective Assoc. v. Lichtenstein*, 660 F.2d 432 (10th Cir. 1981) in support of her argument that "[t]he federal courts have routinely rejected defendants' unsubstantiated claims of privacy and held that the type of documents Plaintiffs (sic) seek in this case are discoverable." Pl.'s Mot. to Compel at 5.

In *Lichtenstein*, plaintiffs, the Denver Policemen's Protective Association and individuals officers of the Denver police force, filed a §1983 action in federal court against a state court judge who allowed a criminal defendant to discover investigative files plaintiffs claimed contained private information. The Court of Appeals for the Tenth Circuit held that confidential statements in a police investigative file could be discovered by a criminal defendant. In analyzing whether the disclosure violated the officers' "constitutional privacy rights," the court stated, "The expectation of privacy is found in the fact that the statements by officers taken in the course of investigation are made with the understanding that they are confidential and will not be used for other purposes." *Id.* at 435 (emphasis added). Nonetheless, the court ultimately concluded that any

privacy rights the officers had were overridden by a compelling state interest in ascertaining the truth. *Id.* at 435.

Four years later, in *Mangels v. Pena*, 789 F.2d 836 (10th Cir. 1986), the Court of Appeals for the Tenth Circuit found that the legitimacy of a privacy expectation turned on whether an individual had a "legitimate expectation" of privacy in the information disclosed. The plaintiffs in *Mangels* were firemen who were discharged because of their drug use. During the course of the investigation, they had signed statements regarding their drug use. Subsequently, the information disclosed in those statements was released to the media. Plaintiffs provided the statements regarding their drug use only after signing the following statement: "These statement and answers to questions are given for departmental administrative purposes only, and shall be limited in use to the Department of Safety, the Civil Service Commission, or subsequent hearings relating to any disciplinary action." *Id.* at 839 n.3.

Plaintiffs argued that this statement created a legitimate expectation of privacy in the information they provided. The court rejected plaintiffs' argument, concluding:

> Any limited assurances of confidentiality offered by Denver officials to the [plaintiffs] do not make a difference in this case. Rights of substantive due process are founded not upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution. <u>The legitimacy of individual expectations of confidentiality must arise from the personal quality of any materials which the state possesses</u>. Allegations of a failure on the part of the government officials to abide by their own assurance of confidentiality will not suffice to state a claim. <u>Any disclosed information must itself warrant protection under **constitutional standards**</u>.

*Id.* at 839-40 (emphasis added). Therefore, "for information to be protected, it must deal with facts that are intimate and personal." *Donohue v. Hoey*, 109 Fed.Appx. 340, 364 (10th Cir. 2004)(citing to *Mangels*, 789 F.2d at 839); *see also*, *Flanagan v. Munger*, 890 F.2d 1557, 1570

(10th Cir. 1989)("The Supreme Court has recognized that the constitutional right to privacy protects an individual's interest in preventing disclosure by government of personal matters.").

In this case, Plaintiff seeks discovery of Defendants' pre-employment psychological testing. The pre-employment psychological testing of Defendants included a clinical interview, a psychosocial history, a health history, information regarding living arrangements, a mental status examination, and various psychological examinations, i.e., personality tests and intelligence tests. Defs.' Resp. at 5. Plaintiff contends the Court "must balance the privacy interests of each of the named defendants with the interests of Plaintiffs (sic) and the needs of the judicial process in order to determine what kind of protection the information warrants." Pl.'s Mot. to Compel at 6.

Information an individual provides to a psychologist during a clinical interview by its very nature is intimate and personal. Thus, the Court finds that Defendants have a legitimate expectation of privacy in the information contained in their pre-employment psychological testing. Moreover, the potential value of the information sought in this case is outweighed by Defendants' right to privacy. *See e.g. Mason v. Stock*, 869 F.Supp. 828 (D.Kan. 1994); *Beach v. City of Olathe, Kansas*, 203 F.R.D. 489 (D.Kan. 2001)(confidentiality does not act as a bar to discovery, including police personnel records with exception that police officers may have "constitutionally-based privacy interests in *personal* matters contained within their police files"). Accordingly, Plaintiff's motion to compel as to Request for Production Nos. 8, 14, and 17 is denied.

**B.  Request for Production No. 25, 26, 30, and 31**

Request for Production No. 25 asks for "[c]opies of the Complaint or other initiatory pleading in any lawsuit naming the Española Police or any Española Police officer as a defendant in connection with any claims of unlawful arrest. In lieu of providing the complete pleading, you

7

may supply us with us a list of the court captions (including name and location of the court, names of the parties and cause number) for any such lawsuit." Pl.'s Ex. A.

Request for Production No. 26 asks for "[c]opies of the Complaint or other initiatory pleading in any lawsuit naming some Española Police Officer as a defendant in connection with the alleged failure to prevent violations of civil rights by other law enforcement officers, including the other officers of the Española Police. In lieu of providing the complete pleading, you may supply us with a list of the court captions (including name and location of the court, names of the parties and cause number) for any lawsuit." *Id.*

Request for Production No. 30 asks for "[a]ny reports, studies, memos, statistical compilations or other forms of analysis of incidents involving the unlawful arrest of citizens and juveniles by Española Police Officers." *Id.*

Request for Production No. 31 asks for "[d]ocuments relating to the termination of any police officer or employee of the Española Police Department because of misconduct.

Defendants objected to these requests "as overly broad and not reasonably calculated to lead to the discovery of admissible evidence." *Id.* at 11, 12, 13, 14. In addition, Defendants objected because the "request[s] contain[ed] no reasonable time limitations nor [were they] reasonably limited to claims similar to the one at issue" and "impermissibly [sought] information regarding lawsuits against non-parties" and "such information ha[d] no legal or factual relevance to the claims at issue in this matter." *Id.* As to Request for Production No. 31, Defendants objected on the ground that the "request also impermissibly [sought] information regarding termination of 'any Española police officer or employee . . . because of misconduct' without regard to his/her involvement or lack thereof in this matter." *Id.* at 14. Additionally, Defendants

8

contend Plaintiff has "received full discovery on allegations that have been raised in the past against them." Defs.' Resp at 8.

Plaintiff contends the requested information is relevant to Plaintiff's claims against Defendants under Rule 404(b) for purposes of proving punitive damages, and, as to Defendant Guillen, on Plaintiff's supervisory liability claims.

The Court agrees with Defendants' objection that the requests contain no reasonable time limitations and are not limited to claims similar to the one at issue. The Court will allow discovery as follows:

Request for Production No. 25– Defendants shall provide the requested discovery as to similar acts and limited to three years prior to the incident that is the subject of this action. *See e.g.*, *McConnell v. Pollack*, 1999 WL 33218579 (D.Colo. 1999)(discovery allowed as to similar complaints directed at officers other than the named offender to prove supervisor had knowledge of similar acts by officers).

Request for Production No. 26– Defendants shall provide the requested discovery as to any Española Police Officer as a defendant in connection with the alleged failure to prevent violations of similar violation of civil rights by other law enforcement officers and limited to three years prior to the incident that is the subject of this action.

Request for Production No. 30– Defendants shall provide the requested discovery as to any analysis of similar incidents involving the unlawful arrest of a juvenile by Española Police Officers and limited to three years prior to the incident that is the subject of this action.

Request for Production No. 31– Defendants shall provide the requested discovery as to the termination of any police officer or employee of the Española Police Department because of

misconduct in a similar incident and limited to three years prior to the incident that is the subject of this action.

## C. Request for Production No. 12

Request for Production No. 12 asks for a "[c]opy of all computer or other electronically stored records reflecting or documenting all arrests made by defendants Maez and Archuleta of juveniles and all booking authority forms prepared by and filed by said defendants involving any juveniles from the date these defendants were first employed up through the time of the incident alleged in the Complaint." Pl.'s Ex. A.

Defendants objected to this request on the following grounds: (1) the request is "overly broad and not reasonably calculated to lead to discovery of admissible evidence;" (2) the "[r]ecords of juveniles other than the one at issue have no legal or factual relevance to the subject case;" (3) "such request for all 'booking authority forms prepared by and filed by said defendants involving any juveniles' from the date of their employment is unduly burdensome;" and (4) "producing such records . . . would violate the privacy rights of the non-parties, in relation to their arrests/detention as minors." *Id.*

A party may object to a request if it is irrelevant, overly broad, or unduly burdensome. Charles A. Wright, Arthur R. Miller & Richard L. Marcus, §8A Federal Practice & Procedure 2174, at 297 (2d ed.1994). To prevail on its objection, however, the objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y.1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by

submitting affidavits or offering evidence revealing the nature of the burden." *Id.* (internal citations and quotation marks omitted).

In this case, Defendants object to the request of other juvenile arrests and booking forms on the grounds that the request is "overly broad" and "unduly burdensome" because it requires Defendants to search through years of records in order to pull booking sheets for other juveniles who were arrested and booked into the Española Detention Center. Significantly, Defendants argue that Plaintiff's stated need for the information is not supported by the record.

Plaintiff contends she needs the requested information to establish the "direct and supervisory liability claims" she alleged in her complaint. Pl.'s Mot. at 11. Plaintiff further contends that she needs the records to show the "department's policy and custom to transport and prepare for booking at an adult detention center juvenile detainees" because she does not have "an admission or statement" from Defendant Guillen to that effect. *Id.*

However, as Plaintiff points out, Defendant Archuleta admitted transporting "quite a bit" of juveniles to the Española Detention Center during his "whole career." Pl.'s Ex. B, Archuleta Dep., p. 60, lines 3-8. Additionally, Defendant Guillen admitted in his deposition that he understood that, at the time of Jerry Trujillo's arrest, the Española Detention Center was not certified to accept juveniles for booking and incarceration. Defs.' Ex. A, Guillen Dep., p.31, lines 4-16. Defendant Guillen also admitted that up until August 2004, Española police officers were bringing juveniles to the jail and estimated the number of juveniles brought to the Española Detention Center to be "ten to 15 a month." Defs.' Ex. A, Guillen Dep., p. 32, lines 12-16, p. 34, line 3. Based on these admissions, the Court will sustain Defendants' objection to this request for production. The benefit to Plaintiff is far outweighed by the burden to Defendants in producing such documents.

**NOW, THEREFORE**, it is hereby ordered that Plaintiff's Motion to Compel Production of Documents is granted in part and denied in part. Plaintiff's motion to compel as to Request for Production Nos. 8, 12, 14, and 17 is DENIED. Plaintiff's motion to compel is GRANTED in part as to Request for Production Nos. 25, 26, 30 and 31. Within ten (10) calendar days Defendants shall provide the requested documents as directed in this Memorandum Opinion and Order.

 

**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**